```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

VONNIE LUNDSTROM,                  §
                                   §
    Plaintiff,                     §
                                   §
v.                                 §
                                   §
DEPENDABLE COMFORT AIR             §    CIVIL ACTION NO. H-13-1728
CONDITIONING & HEATING INC.,       §
TRANE U.S. INC., f/k/a             §
AMERICAN STANDARD, INC.,           §
and INGERSOLL-RAND,[1]             §
                                   §
    Defendants.                    §


<u>MEMORANDUM AND ORDER</u>

Pending are Defendant Dependable Comfort Air & Heating, Inc.'s ("Dependable Comfort") Motion for Summary Judgment (Document No. 55), Defendants Trane U.S. Inc. f/k/a American Standard, Inc. and Ingersoll-Rand's ("Trane")[2] Motion for Summary Judgment (Document No. 57), and Defendant Dependable Comfort's Motion for Partial Summary Judgment on DTPA Claims (Document No. 67).[3]  After

---

[1] Plaintiff's Original Complaint lists as Defendants Does 1-5 and Roes 1-5.  Plaintiff requested that these parties be deleted, Document No. 118 at 1, which request is GRANTED.

[2] Trane is a subsidiary of Ingersoll-Rand, and these two parties (except as distinguished in Note 11 at p. 7, *infra*) for purposes of this motion are treated as one, and identified together as "Trane."

[3] Dependable Comfort's Motion for Partial Summary Judgment on Deceptive Trade Practices Act ("DTPA") Claims is in effect a supplemental motion in which Dependable Comfort additionally argues that Plaintiff's DTPA claim is barred by the statute of limitations or alternatively, that Plaintiff cannot point to any false or misleading statements.

carefully considering the motions, response, reply, additional submissions, and applicable law, the Court concludes as follows.

## I. Background

A.  Factual Background

Plaintiff Vonnie Lundstrom ("Plaintiff"), a law school graduate who states that for years she "has been an active or inactive member of the State Bars of Texas and California,"[4] brings this action *pro se* for recovery of damages arising from the improper installation and servicing of a new Trane home air conditioning/heating system.[5] Plaintiff alleges that before purchasing the Trane system she suffered from respiratory issues that were aggravated by environmental pollutants and irritants. In late 2007 and early 2008, therefore, she desired to have the "cleanest air possible" in her house and through advertising became interested in the Trane CleanEffects System. She contacted Dependable Comfort, whose representative examined her then-existing air conditioning and heating system, and explained that she would need to replace two complete systems with Trane condensers and furnaces and the CleanEffects System (collectively the "HVAC

---

[4] Document No. 50 at 4. According to the State Bar of Texas, Plaintiff was licensed in Texas May 2, 2001, and after twice becoming inactive and then active again, for the third time became inactive on June 6, 2013, which is her present status.

[5] Document No. 1 (Pl.'s Cmpl.).

2

System"). She agreed to have Dependable Comfort perform the work, which was done about mid-May 2008, at a cost of approximately $23,300.00 for the complete system's replacement, plus a one-year "preferred" service membership with Dependable Comfort. Dependable Comfort made regular maintenance calls through 2010. After installation of the HVAC System, however, Plaintiff's respiratory problems continued to worsen, resulting in her having prolonged hospital visits, declining health, and loss of business, and she ultimately decided to relocate from Houston to Montana in search of clean air.[6]

Plaintiff alleges that in the course of selling her Houston residence for her move to Montana, in October 2010 she discovered that the HVAC System was blowing dirty air and airborne allergens into her home and making the air even dirtier than when it entered the system. She alleges that she sustained physical injuries,

---

[6] The Court takes judicial notice of a separate case Plaintiff filed in Montana against unrelated defendants fewer than three weeks after filing the instant case, in which Plaintiff traced the history of her respiratory problems as follows:

> On information and belief, the cause of Mrs. Lundstrom's respiratory problems was due to living in highly polluted cities in the Third World during the early years of Mr. Lundstrom's career, while Mr. and Mrs. Lundstrom had decided to "pay their dues" and "defer gratification" for the long-term betterment of his career, as well as subsequent exposures while living in the highly polluted city of Houston, Texas, again for the long-term betterment of Mr. Lundstrom's career.

Lundstrom v. Sorensen, et al., Civ. A. No. 9:12cv00170-DLC, JCL, Document No. 4 (D. Mt.).

3

medical bills and costs, severe emotional distress, loss of her career and livelihood, past, present and future income, loss of her home, financial loss on the sale of her home, and repair costs in an amount in excess of $15,000 as a result of the defective HVAC System installed and serviced by Dependable Comfort.

She alleges four counts against Defendants: (1) negligence on the part of Defendants in connection with the foregoing installation and maintenance of the allegedly defective system; (2) Deceptive Trade Practices Act violations against Defendants, based upon false and misleading statements in the marketing and sale of the HVAC System to Plaintiff; (3) breach of contract against Dependable Comfort, for "failing to provide what was promised in the contract"; and (4) strict products liability against Defendants.[7]

Defendants move for summary judgment on the three remaining counts.

B.  Preclusion Orders

By Order dated October 27, 2014, after "Plaintiff's failure to comply with the Court's Docket Control Order signed October 25, 2013, and failure to identify by reports the names and

---

[7] Plaintiff subsequently stated that she intended "no longer [to] pursue the cause of action for Strict Products Liability with respect to both Defendants." Document No. 118 at 1. Plaintiff's strict products liability claims are therefore DISMISSED.

4

qualifications of any expert, and each opinion the expert will present, and the basis for it . . ." Plaintiff was "PRECLUDED from calling any previously disclosed expert as a witness or otherwise utilizing testimony from any such expert in this case."[8]  Later, by Order dated April 30, 2015, because of Plaintiff's adversarial misconduct and improper tactics in this litigation, described at length in the Magistrate Judge's Order dated March 25, 2015, Plaintiff was "PRECLUDED from offering, using, referencing, or relying upon any evidence or testimony as to the source or cause of her medical/health/respiratory problem(s) or illness(es) and from recovering any alleged damages related thereto."[9]

## II. Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated

---

[8] Document No. 49.

[9] Document No. 121.

assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3). In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price- Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the fact finder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary

judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

III. Discussion

A. Plaintiff's Claims Against Trane

    1. Negligence

The elements of a negligence claim are: (1) duty, (2) breach, and (3) damages proximately caused by that breach. Wansey v. Hole, 379 S.W.3d 246, 248 (Tex. 2012). Trane moves for summary judgment on Plaintiff's negligence claim, arguing that Plaintiff cannot point to any negligent act or omission by Trane that breached a duty Trane owed to Plaintiff.[10] Indeed, in her response to Trane's Motion for Summary Judgment, Plaintiff has produced no summary judgment evidence of any negligent act or omission by Trane with respect to its manufacture of its Clean Effects System that Dependable Comfort sold to Plaintiff.[11] Because Plaintiff offers no evidence to raise a genuine issue of material fact on her

---

[10] Document No. 57 at 5-6.

[11] *See* Document No. 82. Plaintiff specifically conceded her lack of evidence as to Ingersoll Rand in a written interrogatory response: "I am presently unaware of any negligent acts on the part of Ingersoll Rand relative to the equipment in question. However, discovery and investigation is ongoing and continuing." Document No. 57, ex. 3 at 9. As for Ingersoll Rand and for the manufacturer Trane, Plaintiff is still empty-handed as to any evidence of negligence.

7

conclusory claim of negligence against Trane, Trane is entitled to summary judgment on that claim.

    2.    <u>DTPA</u>

Trane argues that Plaintiff's DTPA claim is barred by the DTPA two-year statute of limitations.[12] Under Texas law, "[a]ll [DTPA actions] must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading or deceptive act or practice." TEX. BUS. & COM. CODE ANN. § 17.565.

Dependable Comfort installed the HVAC System in Plaintiff's home in mid-May of 2008, and Plaintiff alleges that she did not discover the defects in the HVAC System and of its improper installation until mid-October 2010, when she was in the process of selling her home.[13] Viewing the summary judgment evidence in the light most favorable to the non-movant, Plaintiff therefore did not discover Defendants' alleged false and misleading statements in the marketing and sale of the HVAC System until mid-October 2010 when the defective HVAC System was exposed. *See* <u>Booker v. Real Homes, Inc.</u>, 103 S.W.3d 487, 492 (Tex. App.-San Antonio 2003, pet. denied)

---

[12] Document No. 99 at 5-6.

[13] Document No. 82 at 4.

(finding that the plaintiffs in the case could not have discovered that window leaks were the source of the mold in their home until they were aware of the leaks).  Thus, Plaintiff had two years after mid-October 2010 within which to bring her DTPA claims, that is, until mid-October 2012.[14]  Plaintiff filed her lawsuit in the United States District Court for Montana on September 24, 2012, within the two-year statute of limitations and with sufficient time to have obtained timely service of summons and a copy of the Complaint upon Defendants.

Plaintiff took no action to serve any of Defendants in a timely manner.  There is no showing that she notified Defendants that she had sued them in Montana, or that she ever requested them to waive service of a summons.  *See* FED. R. CIV. P. 4(d)(1).  The District Court for Montana took note of Plaintiff's inaction, and vacated its setting for a Rule 16 pretrial conference on December 18, 2012 "[b]ecause Lundstrom has not undertaken to accomplish service of a summons and a copy of her Complaint upon each Defendant."[15]  Two additional months passed and, on February 7, 2013, the District Court for Montana found that "Lundstrom still has not obtained the issuance of summonses, and has not effected service of process."[16]  The Court thereupon for a second time

---

[14] *See* id.

[15] Document No. 4.

[16] Document No. 5 at 2.

vacated its setting for a pretrial conference, and held that "Lundstrom's failure to effect service of process now also subjects this action to the possibility of mandatory dismissal under Fed. R. Civ. P. 4(m)."[17] Not until February 12, 2013, did Plaintiff obtain summonses from the court, and then caused Trane to be served on February 13, 2013, and Dependable Comfort to be served on February 18, 2013. Defendants therefore were never served with process and notice of the case until approximately four months after the statute of limitations had run on Plaintiff's DTPA claims.[18]

Under Texas law, "a plaintiff must not only file suit but also use due diligence in procuring service on the defendant in order to toll the statute of limitations." Saenz v. Keller Indus. of Texas, Inc., 951 F.2d 665, 667 (5th Cir. 1992). "The determination of due diligence is usually a fact question; the standard is the ordinary prudent person standard. However, lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence." Id. "[I]t is the plaintiff's burden to present evidence regarding the efforts that were made to

---

[17] Id.

[18] Because the Court applies the discovery rule in accepting her claim that she did not discover the DTPA claims until mid-October 2010, approximately *five* years had lapsed since Defendants committed what she alleges were deceptive trade practices in the sale and installation of her HVAC System.

serve the defendant, and to explain every lapse in effort or period of delay." Proulx v. Wells, 235 S.W.3d 213, 216 (Tex. 2007) (citations and quotation marks omitted). Furthermore, "when a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing." Slagle v. Prickett, 345 S.W.3d 693, 698 (Tex. App.-El Paso 2011, no pet.).

Instead of attempting to show due diligence, Plaintiff claims to be "excused from the statute of limitations" because "[s]he is and was fully disabled," evidently referring to a Social Security Administrative Law Judge determination that Plaintiff had full disability caused by Obstructive Pulmonary Disease. She also asserts that she "was hospitalized extensively in Denver, Colorado in the Fall and Winter of 2011, at which time she was diagnosed with severe bronchitis, a chronic obstructive pulmonary disease." A determination that one is disabled and entitled to Social Security benefits does not carry with it an exemption from statutes of limitations and Plaintiff cites to no authority for this notion. Moreover, even if a plaintiff's hospitalization were sufficient to raise a fact issue on whether due diligence was shown in serving defendants with summonses, there is no rationale to excuse one from exercising due diligence after being discharged from the hospital. Regardless, Plaintiff's claimed extensive hospitalizations were in the Fall and Winter of 2011, and Plaintiff has not produced summary

11

judgment evidence that she was hospitalized for so long as even one week's time during the four and one-half months from when she filed the case on September 24, 2012, until she first obtained the issuance of summonses on February 12, 2013.[19] As a matter of law, Plaintiff failed to show due diligence in timely serving each Defendant with summons and a copy of the Complaint after filing the case on September 24, 2012, and before or within a "due diligence" period of time after the statute of limitations expired. The DTPA claims are barred, and Trane is entitled to summary judgment as a matter of law on the DTPA claim.

B.  Plaintiff's Claims Against Dependable Comfort

Like Trane, Dependable Comfort correctly argues that Plaintiff's DTPA claims should be dismissed as barred by the statute of limitations[20] and for all of the reasons just explained above, Dependable Comfort's Motion for Partial Summary Judgment on DTPA Claims is granted.

Plaintiff's remaining claims against Dependable Comfort are for negligence and breach of contract. Dependable Comfort moves

---

[19] In an *Ex Parte* Application for Extension of Time to Serve Defendants filed in Montana, Plaintiff stated that she "was recently hospitalized for three nights." Document No. 7 at 1. The attached hospital records state that Plaintiff was admitted February 3, 2013, and released February 6, 2013. Id., ex. A at 2 of 6.

[20] Document No. 67.

for summary judgment, arguing Plaintiff "cannot provide any competent or admissible evidence to support her contention that her injuries were caused by Dependable Comfort."[21] As already observed, Plaintiff is precluded from calling any previously disclosed expert[22] and "from offering, using, referencing, or relying upon any evidence or testimony as to the source or cause of her medical/health/respiratory problem(s) or illness(es) and from recovering any alleged damages related thereto."[23] Plaintiff has no evidence of causation that the HVAC System was the cause of aggravating her respiratory problems and illnesses, and all of the other injuries and damages derivatively claimed to have been suffered therefrom. Dependable Comfort is therefore entitled to summary judgment on all of these claims.

Remaining, however, are Plaintiff's negligence and breach of contract claims as they pertain to Dependable Comfort's alleged defective installation and negligent maintenance of the HVAC System, which caused Plaintiff to sustain damages for repair of the house or a loss of a portion of the house's market value. On this, Plaintiff's summary judgment evidence is that when she was selling her home, the buyers' inspector Tim Sweat ("Sweat") discovered a number of issues related to the HVAC system: (1) the two 5 Ton

---

[21] Document No. 55 ¶ 1.

[22] Document No. 49.

[23] Document No. 121.

Trane R-22 condensers had a 7/8" suction line copper installed on them with 7/8" X 3/8" armaflex insulation and the suction lines needed to be replaced with 1 1/8" suction line copper and 1" thick armaflex insulation, (2) in order to replace the copper line, the sheet rock inside the house needed to be cut out and then patched, retextured and painted, (3) the rusted emergency drain pan needed to be replaced, (4) the outside disconnects needed to be replaced, (5) the supply duct work needed to be redone, (6) the filter grilles on both floors were undersized for the 5 ton unit and needed to be replaced, (7) the registers needed to be replaced, and (8) the systems needed to be restarted, checked, and tested.[24] The estimated cost, including tax, to make these repairs was $15,000.[25] In her Complaint, Plaintiff alleges "repair costs in an amount in excess of $15,000."[26]

Viewing the summary judgment evidence in the light most favorable to the non-movant, there is a genuine issue of material

---

[24] Document No. 46, ex. C at 3 of 9 to 5 of 9.  Dependable Comfort exhibits an expert report by Gerald R. Spencer, P.E. ("Spencer") questioning whether Dependable Comfort should be liable for all of these damages.  Spencer states that Sweat does not state whether this was ductwork that Dependable Comfort replaced and that sealing the air shaft was the responsibility of the general contractor, not Dependable Comfort.  Additionally, Spencer's report points out that ductwork sizing is "subject to individual opinion within reasonable limits."  On summary judgment, however, all evidence is viewed in the light most favorable to the non-movant.

[25] Id., ex. C at 5 of 9.

[26] Document No. 1 at 4.

fact on whether Dependable Comfort's installation and maintenance of the HVAC System was defective in breach of its contract with Plaintiff and/or negligent, and was the cause of Plaintiff sustaining damages measured by the cost of repairs or the diminished market value of the house.  These claims remain for trial.  Defendant Dependable Comfort is granted summary judgment on all other of Plaintiff's claims.

## IV. Order

    For the foregoing reasons, it is hereby

        ORDERED that Defendant Dependable Comfort Air & Heating, Inc.'s Motion for Summary Judgment (Document No. 55) is DENIED in part as to Plaintiff Vonnie Lundstrom's claims for breach of contract and negligence causing Plaintiff to sustain damages measured by the cost of repairs or diminished market value of the house, and these claims remain for trial, and Defendant Dependable Comfort Air & Heating, Inc.'s Motion for Partial Summary Judgment on DTPA Claims (Document No. 67) and Motion for Summary Judgment (Document No. 55) are otherwise in all things GRANTED, and all other of Plaintiff's claims against Dependable Comfort are DISMISSED with prejudice.  It is further

    ORDERED that Defendants Trane U.S. Inc. f/k/a American Standard, Inc. and Ingersoll-Rand's Motion for Summary Judgment

(Document No. 57) is GRANTED and all of Plaintiff's claims against Defendants Trane and Ingersoll-Rand are dismissed with prejudice.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 16th day of July, 2015.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE